

Cite as 2015 Ark. App. 347

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CV–15–70

| | |
|---|---|
| AUDREY HARMON AND ROGER HARMON<br><br>APPELLANTS<br><br>V.<br><br>ARKANSAS DEPARTMENT OF HUMAN SERVICES<br>APPELLEE | **Opinion Delivered** May 27, 2015<br><br>APPEAL FROM THE CRAIGHEAD COUNTY CIRCUIT COURT, WESTERN DISTRICT [NO. JV-2013-267]<br><br>HONORABLE CINDY THYER, JUDGE<br><br>AFFIRMED; MOTION TO WITHDRAW GRANTED |

**M. MICHAEL KINARD, Judge**

This is an appeal from an order terminating the parental rights of appellants, Audrey and Roger Harmon, to their three minor children. The children were removed from the home in September 2013 after both appellants had been arrested, leaving no legal caretaker for the children. The children were then three years, two years, and eight months old, respectively. Appellants' parental rights were terminated more than a year later on findings by clear and convincing evidence that such was in the children's best interest and that, *inter alia*, despite appropriate services being offered to appellants, they had manifested the incapacity or indifference to remedy the issues that had arisen since the filing of the original petition or to rehabilitate the circumstances that prevented return of the children. *See* Ark. Code Ann. § 9-27-341(b)(3)(A) & (B)(vii)*(a)* (Supp. 2013). There was evidence that appellants had failed to comply with the case plan, had no transportation, had not achieved

financial or housing stability, had visited the children only sporadically and infrequently, and had continued to test positive for illegal drugs throughout the case and, indeed, up until the month of the termination hearing.

Appellants' attorney has filed a motion to be relieved as counsel and a no-merit brief pursuant to *Linker-Flores v. Arkansas Department of Human Services*, 359 Ark. 131, 194 S.W.3d 739 (2004), and Arkansas Supreme Court Rule 6-9(i), asserting that there are no issues of arguable merit to support the appeal. Counsel's brief contains an abstract and addendum of the proceedings below, details all adverse rulings made at the termination hearing, and explains why there is no meritorious ground for reversal. The clerk of this court sent copies of the brief and motion to be relieved to the appellants at their last two known addresses, informing them of their right to file pro se points for reversal under Rule 6-9(i)(3). Neither appellant filed a statement of points.

From our review of the record and the brief presented to us, we find that counsel has complied with Rule 6-9(i), and we hold that the appeal is wholly without merit. Consequently, we grant counsel's motion to withdraw and affirm the order terminating appellants' parental rights.

Affirmed; motion to withdraw granted.

WHITEAKER and HOOFMAN, JJ., agree.

*Suzanne Ritter Lumpkin*, Arkansas Public Defender Commission, for appellants.

No response.